CHICAGO, B. & Q. R. CO. (EMIGH v.). See Case No. 4,448.

CHICAGO. B. & Q. R. CO. (FINLAYSON v.). See Case No. 4,793.

CHICAGO. B. & Q. R. CO. (HAZARD v.). See Cases Nos. 6,275 and 6,276.

## Case No. 2,667.

### CHICAGO, B. & Q. R. CO. v. OTOE COUNTY.

[1 Dill. 338.] [1]

Circuit Court, D. Nebraska. 1871.

COUNTY BONDS—HOW DECLARED ON.

Where a county by public statute has the power to issue negotiable bonds on certain conditions, and its bonds are issued and in the hands of bona fide holders, such a holder is not bound to allege in his declarations the election or other facts showing a compliance with the conditions on which the issue of the bonds is authorized.

[Cited in Kennard v. Cass Co., Case No. 7,697.]

[See note at end of case.]

The questions to be determined arise on a demurrer to the petition, which consists of one hundred and thirty-five counts, each of which is as follows: "That on the 1st day of January, 1870, at Nebraska City, in said county, the said defendant made and issued its certain bond, dated on said day at said place, whereby, for value received, it promised twenty years from date to pay the bearer one thousand dollars at the Broadway Bank in the city of New York, with interest payable semi-annually at said bank, at the rate of eight per cent per annum, according to divers coupons thereto attached, which bond, in order to distinguish it from others of like character, was marked No. ——; that attached thereto was, among others, a certain coupon, bearing date on the day, and at the place

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

aforementioned, made by said county, whereby it promised to pay to the bearer thereof forty dollars at said bank, on the 1st day of July, 1870, for the interest then and there to be due on said bond, which coupon is in words and figures as follows: '$40. Nebraska City, January 1, 1870. The county of Otoe, in the state of Nebraska, promises to pay to the bearer forty dollars, at Broadway Bank, New York, on the 1st day of July, 1870, being for six months' interest on bond No. ——. A. Stout, President Board County Commissioners. George R. McCallum, Clerk.' That before said coupon by its terms became due and payable, the said bond, together with said coupon, came to and for value became the property of this plaintiff, who thereupon became, and has ever since been and still is the true and lawful holder thereof; that when said coupon by its terms became due and payable, the same was duly presented at the place of payment therein mentioned, and payment demanded, but refused because said defendant had not nor did it ever have funds at said place; that the said plaintiff has often and in a friendly manner, applied to said defendant, at its treasury, in Nebraska City, in said county, to pay said coupon, but it has refused to do so, notwithstanding it is justly indebted thereon to this plaintiff in the full sum of forty dollars, with interest from the first day of July, 1870."

The defendant assigns its causes of demurrer as follows: "1. The petition does not state any facts which would authorize the said defendant, by its county commissioners, to issue or deliver to any person or corporation, the bond referred to in said petition, or the coupons mentioned and set forth therein, upon which this action is brought; nor does said petition show any authority or power in the county commissioners of Otoe county to make, issue, or deliver bonds and coupons of the defendant in any manner whatever. 2. It does not appear from the petition that the bonds therein referred to, or the coupons upon which this action is founded, were ever issued or delivered to the Burlington and Missouri Railroad Company, or to any railroad or corporation, to secure to Nebraska City and Otoe county, in the state of Nebraska, a direct eastern railroad connection, or otherwise, in conformity to an act of the legislature of the state of Nebraska, approved February 15, 1869, entitled 'An act to authorize the county commissioners of Otoe county to issue the bonds of said county to the amount of one hundred and fifty thousand dollars to the Burlington & Missouri Railroad Company, or any other railroad running east from Nebraska City,' as in conformity to or with any law whatever of the state of Nebraska, and that said pretended act of the legislature of the state of Nebraska, above mentioned, is repugnant to the constitution of the United States of America, and to the constitution of the state of Nebraska, and therefore null and void. 3. And for a further cause of demurrer to the petition, the defendant says that the bonds referred to in the said petition claimed to have been issued by the defendant, are not set forth in the petition, but only so much of said pretended bonds as is contained in the coupons thereto attached, and also that such petition and declaration is in other respects uncertain, informal, and insufficient."

J. M. Woolworth, for plaintiff.
Sweet & Schofield and H. M. & A. H. Vories, for defendant.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. There are three causes of demurrer set down against the sufficiency of the petition. The second ground of demurrer cannot be considered, since it refers to and rests upon matters de hors the petition. By the petition it does not appear that the bonds mentioned in the coupons were issued to the Burlington and Missouri Railroad Company or to any railroad company, or to aid in the building of, or to pay for stock in, any railroad company whatever. It is alleged in the petition that the defendant made and issued its negotiable bonds, with interest coupons attached; that before the coupons now in suit became due, the bonds together with the coupons, for value became the property of the plaintiff, the Chicago, Burlington & Quincy Railroad Company.

The first ground of demurrer raises the question whether the petition must set forth the facts showing that the county commissioners were authorized to issue the bonds. There are two acts of the state of Nebraska, under either of which (assuming their constitutional validity) bonds to aid in the construction of a railroad (assuming also, the bonds now in controversy to be of this character) might have been properly made and issued by the defendant. Laws Neb. 1869, pp. 92, 260. One of these is a general act to enable public and municipal corporations to borrow money on their bonds, or to issue bonds to aid in the construction of railroads or other works of internal improvement, after the proposition shall have been submitted to and approved by a vote of the people. The other is a special act "authorizing the county commissioners of Otoe county (the defendant) to issue $150,000 of its bonds to the Burlington & Missouri River Railroad Company, or any other company that will secure to Nebraska City a direct eastern railroad connection, as a donation to said railroad company, or on such terms and conditions as may be imposed by said county commissioners." Under which of these acts, if either, the bonds were issued, is not alleged. It appears, however, from an act of the legislature which this court will notice, that on certain terms the defendant was authorized to issue its bonds; and bonds having been issued, and being, as

alleged in the petition, in the hands of holders for value, before maturity, the presumption is that the election was held and the other necessary terms complied with, which would authorize the commissioners to issue the bonds.

The question on this record is one of pleading; and a holder, under such circumstances, of bonds negotiable in their character, is not bound, when suing in the federal courts to allege in his petition, the election or other facts showing a compliance with the preliminary steps required of the officers before they are authorized to issue and deliver the bonds.

Such is the doctrine of the supreme court, which it is obligatory on this court implicitly to follow. If in the given case, the authority to issue bonds did not arise or exist, and the corporation is not liable thereon, the facts may be pleaded in defence. Knox Co. v. Aspinwall, 21 How. [62 U. S.] 539; Moran v. Commissioners, 2 Black [67 U. S.] 722; Rogers v. Burlington, 3 Wall. [70 U. S.] 364; Cincinnati v. Morgan, Id. 275; Mercer Co. v. Hackett, 1 Wall. [68 U. S.] 83; Gelpcke v. Dubuque, Id. 220; Curtis v. Butler Co., 24 How. [65 U. S.] 435; Bissell v. Jeffersonville, Id. 287; Meyer v. Muscatine, 1 Wall. [68 U. S.] 385; City of Kenosha v. Lamson, 9 Wall. [76 U. S.] 477; Supervisors v. Schenck, 5 Wall. [72 U. S.] 772; De Voss v. Richmond [18 Grat. (Va.) 338]. The averments in the petition show prima facie liability; and this view is entirely consistent with the case of Marsh v. Fulton Co., 10 Wall. [77 U. S.] 679, recently decided by the supreme court. The result, as well as the reasoning, of Mr. Justice Field in that case, is entirely satisfactory to my mind.

It only remains to add that it is not necessary to set out in the petition the bonds to which the coupons are attached. Knox Co. v. Aspinwall, 22 How. [63 U. S.] 539; Thompson v. Lee Co., 3 Wall. [70 U. S.] 377; City of Kenosha v. Lamson, 9 Wall. [76 U. S.] 477; Ring v. Johnson Co., 6 Iowa, 265; McCoy v. Washington Co. [Case No. 8.731]; Johnson v. Stark Co., 24 Ill. 75.

The constitutional question argued by the counsel for the defendant is not legitimately presented by the demurrer, and is not examined nor decided. The demurrer is overruled, and the defendant has leave to answer. Demurrer overruled.

NOTE. Constitutional question: See Gilchrist v. Little Rock [Case No. 5,421]; King v. Wilson [Id. 7,810]. Remedy of creditor: Welch v. Ste. Genevieve [Id. 17,372]; Muscatine v. Mississippi & M. R. Co. [Id. 9,971]; Lansing v. Treasurer [Id. 16,538].

[NOTE. On the trial upon the merits, the judges of the court were divided in opinion, and certified the case to the supreme court. The questions upon which the circuit court judges divided were as follows:
[1. Whether the act of the Nebraska legislature (Feb. 15, 1869) authorizing the issue of bonds by the county of Otoe in aid of the construction of a railroad outside the state conflicted with the state constitution.
[2. "Whether the county commissioners of Otoe county could, under the act of February 15, 1869, lawfully issue the bonds from which the coupons in suit were detached, without the proposition to vote the bonds for the purpose indicated, and also a tax to pay the same being or having been submitted to a vote of the people of the county, as provided by the act of the territorial legislature of Nebraska passed January 1, 1861."

[The certificate of the supreme court is as follows: First, that the act of February 15, 1869, is not unconstitutional; and, second, that the county commissioners of Otoe county could lawfully issue the bonds from which the coupons in suit were detached, without any submission to a vote of the people of the county of the proposition to approve the bonds, or a tax for the payment thereof. Chicago, B. & Q. R. Co. v. County of Otoe, 16 Wall. (83 U. S.) 667.]